ELMINA A. BROWN, In Equity, *vs.* WILLIAM H. CHADBOURNE.

Androscoggin.   Opinion November 13, 1923.

*The findings of fact by a single Justice are final unless clearly wrong, and findings of matters of law are also final, unless based upon erroneous rulings of law.   A court of equity will not grant relief where there is a plain and adequate remedy at law.*

The construction contended for by either party does not render the language of the deed wholly consistent and free from doubt.   The burden, however, is on the plaintiff to clearly establish her right to the extraordinary remedy sought by her bill of complaint.

The plaintiff's evidence does not warrant this court holding that the findings of fact by the sitting Justice are clearly wrong, nor do we find that his decree was based on any erroneous ruling of law.

In respect to any timber already cut the plaintiff has an adequate remedy at law, and until she makes it clear that her rights are being infringed upon and grounds for equitable relief exist a court of equity will not grant her the extraordinary relief prayed for.

On appeal by plaintiff.   A bill in equity seeking an injunction to restrain the defendant from cutting lumber on a farm now owned by the plaintiff, stumpage rights having been granted to the defendant by the plaintiff's predecessor in title.   The issue raised involved the construction of the deed granting the stumpage rights to the defendant.   A hearing was had on bill, answer, replication and evidence, and the sitting Justice dismissed the bill with costs.   Plaintiff entered an appeal.   Appeal dismissed with costs.   Decree of sitting Justice affirmed.

The case is stated in the opinion.

*Frederick R. Dyer,* for complainant.

*Tascus Atwood,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

WILSON, J.   A bill in equity praying for an injunction restraining the defendant from cutting certain timber on a part of the plaintiff's

farm. The cause was heard by the sitting Justice who made certain findings and entered a decree dismissing the plaintiff's bill from which decree the plaintiff appealed.

The issue between the parties is as to the meaning of the language employed in a deed given by T. A. Bailey, the plaintiff's predecessor in title, to the defendant, conveying certain stumpage rights on what is termed the easterly part of the grantor's, now the plaintiff's, farm. The language employed in the deed is not well chosen, is indefinite and ambiguous. Nor is the construction contended for by either of the parties in all respects consistent. The sketch below will serve to illustrate the contentions of the parties:

The deed in question conveyed to the defendant in 1908 "all the oak, ash, hemlock, pine and basswood standing on what is known as my woodlot, said lot being the easterly part of my farm in Auburn, Me."

From the evidence presented the sitting Justice found that the easterly part of the farm and woodlot was not confined to the part southerly of the dotted line, supposed to represent a wire fence, and which part was largely beech growth and sometimes during the ownership of the plaintiff's predecessors in title referred to as "The Beeches"; that such woodlot included not only all land southeasterly of said dotted line, but also the land easterly and northeasterly of the enclosure marked "Field" on the plan and on which the cutting sought to be enjoined by the plaintiff was taking place when the plaintiff's bill was brought.

The plaintiff bases her construction of said deed largely upon the language conveying a second lot of stumpage in the following terms: "Also all of the black growth standing on said lot and bounded as follows: It being all standing in the pasture below the field on the north and on the south side by land of F. W. Dillingham and Lizzie Allen."

The plaintiff's contention being that the woodlot was confined to the part southeasterly of the dotted line and all northwesterly of that line was pasture and the only stumpage conveyed in the pasture was the black growth between the small field on the north and the Allen and Dillingham land on the south.

It is in evidence, however, that the cutting by the defendant during the lifetime and ownership of his grantor, and the plaintiff's grantor of the fee, was not confined to the land easterly or southeasterly of the dotted line, or to that part which could be fairly included within the "pasture below the Field on the north and the Allen and Dillingham land on the south"; and, too, the deed describes the pasture as being a part of "said lot," the only lot previously referred to in the deed being the woodlot.

While neither construction renders the language of the deed entirely consistent or free from doubt, the burden was on the plaintiff to clearly establish her right to this extraordinary remedy in equity. This court cannot say that upon the evidence in the case the plaintiff was entitled of right to the injunction prayed for in her bill restraining the defendant from cutting any timber on plaintiff's farm except the black growth on the pasture between the field on the north and the Allen and Dillingham land on the south; or that the finding of the sitting Justice that the cutting by the defendant northeasterly of the field, at least of the oak, ash, hemlock, pine and basswood timber was within the limits of the stumpage granted to him by the deed, and the woodlot therein referred to, is clearly wrong or based on any erroneous rulings of law. If any timber already cut is outside the limits of the defendant's grant, the plaintiff has her remedy at law; and until she can make it clear that her rights are being infringed upon and grounds for equitable relief exist, this court sitting in equity will not grant her the extraordinary relief prayed for.

*Appeal dismissed with costs.*
*Decree of sitting Justice affirmed.*